IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEVIN WOODLAND #215297
   Petitioner    :

   v.      :   CIVIL ACTION NO. WDQ-09-1252

KATHLEEN GREEN, *et al.*,   :
   Respondents

## **MEMORANDUM**

   The above-captioned 28 U.S.C. § 2254 habeas corpus Petition, dated May 11, 2009 and received for filing on May 13, 2009,[1] attacks Kevin Woodland's 1991 conviction in the Circuit Court for Charles County for first-degree murder.[2]  Respondents argue the application is subject to dismissal as time-barred.  Paper No. 5.  Woodland requests an evidentiary hearing on his Petition and further seeks appointment of counsel.  Paper No. 7.  He further argues that any failure to comply with proper procedure in seeking federal habeas corpus review resulted from his ignorance of the law.  Paper No. 8.  For the reasons that follow, Petitioner is not entitled to an evidentiary hearing or appointment of counsel,[3] and the Petition must be denied and dismissed with prejudice as time-barred.

**Procedural History**

   On March 15, 1991, Woodland pleaded guilty to one count of first-degree murder.  He was sentenced on May 6, 1991.  Woodland did not seek leave to appeal the conviction and

---

[1] The pro se Petition is deemed filed on the signature date.  *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D.Md. 1998) (holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the "prison mailbox" rule).

[2] Petitioner was sentenced to life imprisonment with all but fifty years suspended.  Paper No. 5, Exhibit 3.

[3] There is no Sixth Amendment right to counsel to pursue a petition for habeas corpus.  *See Pennsylvania v. Finely*, 481 U.S. 551, 555 (1987).  A court may provide counsel for an indigent inmate pursuing a petition for habeas corpus "that the court determines that the interests of justice so require." 18 U.S.C. § 3006A(2)(B).  Rule 6(a) of the Rules Governing § 2254 Cases provides that a court may appoint counsel if it is "necessary for effective utilization of discovery procedures." Rule 8(c) mandates that counsel be appointed only "[i]f an evidentiary hearing is required."  Here, it is apparent that an evidentiary hearing is not necessary, as the Petition is time-barred.

sentence and the conviction and sentence thus became final in June of 1991.

On February 11, 1994, Woodland sought post-conviction relief in the Circuit Court for Charles County. The matter was resolved by consent order dated January 10, 1995. Paper No. 5, Exhibit 3 at 3 and Exhibit 1.

On October 13, 1998, Woodland again sought post-conviction relief, which was denied by order entered on September 5, 2000. Paper No. 5, Exhibit 1. Leave to appeal was summarily denied by the Court of Special Appeals of Maryland in an unreported opinion filed on July 17, 2001.[4] *Id*., Exhibit 2.

**Legal Analysis**

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") became law, substantially modifying the scope and context of federal habeas corpus review over challenges to state court convictions. Among the changes made by this law was the addition of a one-year statute of limitations in non-capital cases for persons convicted in a state court. *See* 28 U.S.C. §2244(d).[5]

---

[4] The mandate issued on August 16, 2001. Paper No. 5, Exhibit 2.

[5] This section provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States was removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

As noted above, Woodland's conviction became final in June of 1991, prior to the adoption of the AEDPA. In cases such as this where the challenged conviction became final prior to the April 24, 1996 enactment of the one-year limitations period, a one-year grace period applies. *See Brown v. Angelone*, 150 F.3d 370, 371-376 (4th Cir. 1998) (providing a one-year grace period for habeas petitioners whose convictions became final before April 24, 1996); *see also Hernandez v. Caldwell*, 225 F.3d 435, 435-40 (4th Cir. 2000) (holding that for convictions which became final prior to April 24, 1996, the limitation period under 28 U.S.C. §2244(d) begins to run on April 25, 1996 and expires on April 24, 1997). Consequently, the limitations period commenced on April 25, 1996 and expired on April 24, 1997. Woodland had no pending state post-conviction proceedings pending during this time and, accordingly, his federal Petition was filed well outside the limitations period.

Petitioner's lack of understanding of the law does not serve to toll the statute of limitations. *See United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004)**.** Therefore, a separate Order shall be entered dismissing Woodland's Petition as time-barred.

September 3, 2009   _____/s/_____
(Date)                             William D. Quarles, Jr.
                                   United States District Judge

---

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

 (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.